```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  JUAN ACEVEDO,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :          15-cv-9522 (KBF)
                  -v-                                       :
                                                            :          OPINION & ORDER
  HSBC BANK USA N.A., BANK OF AMERICA                       :
  N.A., DOES 1 through 100,                                 :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 10, 2016

KATHERINE B. FORREST, District Judge:

The instant action is one of a series of actions increasingly common in this district, in which individuals seek to collaterally challenge property foreclosures. Plaintiff Juan Acevedo commenced the instant action on December 4, 2015. (ECF No. 1.)  He amended his complaint several months later, changing little of his essential allegations but dropping a defendant.  (ECF No. 29, "Amended Complaint" or "AC.")  Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction as well as failure to state a claim.  For the reasons set forth below, the Court agrees that the complaint is fatally defective and must be dismissed.

I.    PERTINENT ALLEGATIONS

Plaintiff alleges that on or about August 29, 2006, he purchased a home located at 18 Cambridge Avenue in White Plains, New York.  (AC ¶ 9.)  In connection with that purchase plaintiff had obtained a loan in the amount of

$626,200 from Columbia Home Loans LLC.  (Id.)  The loan was eventually assigned to Bank of American N.A. ("BOA").  (AC ¶ 10.)  Plaintiff asserts that this assignment was unlawful and fraudulent.  (Id.)  BOA subsequently assigned the loan to HSBC Bank USA NA., as trustee for the holders of certain securities (the "Trust").  (AC ¶ 11.)  Plaintiff alleges that this assignment was also fraudulent and unlawful.  (AC ¶ 12.)  On or about June 3, 10, 17, and 24, 2015, the Trust recorded Notices of Sale against the Property.  (AC ¶¶ 13-16.)  Plaintiff further alleges that in August 2015 he obtained a loan audit that revealed the aforementioned infirmities to him.  (AC ¶¶ 17, 18.)

The following facts are taken from documents as to which this Court may take judicial notice and which were attached to the Declaration of Laurence P. Chirch, dated May 5, 2016 ("Chirch Decl.", ECF No. 40).

On May 6, 2013, HSBC filed a foreclosure action against the plaintiff, HSBC Bank USA, National Association, as Trustee for the Holders of the JPMorgan Alternative Loan Trust 2006-A7 v. Juan Acevedo, No. 57104/2013 (the "Foreclosure Action").  (Chirch Decl. Ex. E, ECF No. 40-2.)  On May 21, 2013, Acevedo answered that action and asserted counterclaims.  In those counterclaims he asserted that the assignments of the loan between the banks as described above were invalid.  (See Chirch Decl. Ex. G, ECF No. 40-2.)  HSBC answered those counterclaims.  (See Chirch Decl. Ex. H, ECF No. 40-2.)  HSBC eventually moved for summary judgment in that action; Acevedo failed to oppose such motion.  On August 5, 2014, the court granted HSBC's motion—entering judgment for HSBC and against Acevedo on his

counterclaims, and dismissing his other defenses with prejudice. (See Chirch Decl. Ex. I, ECF No. 40-2.)

A Judgment of Foreclosure and Sale was issued with regard to the subject property and to Acevedo on April 15, 2015. (See Chirch Decl. Ex. J., ECF No. 40-2.)

I.  STANDARD OF REVIEW

Courts review challenges to subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). It is the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all uncontroverted and well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Id.

Motions to dismiss for failure to state a claim are brought pursuant to Rule 12(b)(6). On a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, a plaintiff must provide grounds upon which his claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493

F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

II. DISCUSSION

The complaint alleges five separate claims: Count I for "Declaratory Relief" that the assignment to the Trust was void, Count II for constructive fraud, Count III for a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(a), Count IV for slander of title, and Count V for a violation of the Consumer Credit Protection Act, 15 U.S.C. § 1641(g). Each of these claims is frivolous and must be dismissed.

Plaintiff's core assertion—that the assignments of the mortgage note associated with the loan extended to him in 2006 were invalid—is nothing more than a collateral attack on a fully and finally litigated state court judgment of foreclosure. Principles of res judicata and the Rooker-Feldman doctrine are both independently dispositive of all claims.

A. Res Judicata

The doctrine of res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Res judicata turns on "the essential similarity of the underlying events giving rise to the various legal claims." Turner v. Crawford Square Apartments III, L.P, 449 F.3d 542, 549 (3d Cir. 2006) (internal citation omitted).

Federal courts apply the rules of preclusion of the state in which the prior judgment was rendered. See, e.g., Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir.

4

2000). Because the judgment of foreclosure upon which plaintiffs base this claim was rendered in a New York state court, this Court applies New York law.

Under New York law, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." In re Hunter, 827 N.E.2d 269, 274 (N.Y. 2005). New York applies a "transactional analysis approach to res judicata," under which "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" Id. (quoting O'Brien v. City of Syracuse, 429 N.E.2d 1158, 1159 (N.Y. 1981)).

There is and can be no dispute that HSBC commenced a foreclosure action against Acevedo in New York state court. There is and can be no dispute that Acevedo answered in that action and asserted a counterclaim alleging the very same infirmity of assignment now repackaged into various claims in this case. There is and can be no dispute that the New York State Supreme Court entered a Judgment of Foreclosure against Acevedo—dismissing his defenses with prejudice and entering judgment against with regard to his counterclaim.

It also cannot be disputed that both the Foreclosure Action and plaintiff's claims in this action involve the same parties and pertain to the same transaction or series of transactions: HSBC's foreclosure on plaintiff's home.[1] Under these

---

[1] In the action before this Court Acevedo has joined BOA as an additional defendant. While it is true BOA was not a defendant in the underlying action, it did not need to be. Given the identity of issues,

circumstances there is no doubt that the principles of res judicata require dismissal.[2]

### B. Rooker-Feldman

A separate and equally dispositive basis for dismissal is the Rooker-Feldman doctrine. That doctrine provides that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). This doctrine applies when (1) a federal-court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by that judgment; (3) the plaintiff invites the district court to review and reject the judgment; and (4) the state-court judgment was rendered before the federal proceedings commenced. See id. at 85.

Here, Acevedo's claims are a repackaging of what he litigated in New York State Supreme Court before this action was ever commenced. While he describes his claims as concerning the allegedly infirm assignments, his prayer for relief makes it clear that he is in fact attacking that court's judgment. Despite the issuance of the Judgment of Foreclosure, Acevedo asks this Court to find, inter alia, that he may have exclusive possession, that no other person or entity has any

---

it would be a misuse of this Court's resources to allow a claim to proceed simply because a defendant as to whom no claim lies has been added to defeat a claim of res judicata. In all events, and as discussed elsewhere in this Opinion, as the judgment of foreclosure against plaintiff Acevedo has already been issued, he no longer has any standing to make any claim against BOA: He lacks any remaining interest in the loan which was the subject of an assignment or the property relating thereto.

[2] The Court rejects plaintiff's argument that the instant complaint is based on newly discovered evidence as it is clear from plaintiff's answer and counterclaim in the Foreclosure Action that he had sufficient information to litigate the validity of the assignments at that time.

interest in the property, and that all secured or unsecured claims are unenforceable. (AC, Prayer at 13-15.) Accordingly, Plaintiff's claims are also barred by Rooker-Feldman. See, e.g., Gray v. Americredit Fin. Servs., Inc., No. 07-cv-4039 (SCR) (MDF), 2009 WL 1787710, at *4 (S.D.N.Y. June 23, 2009) ("Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the Rooker-Feldman doctrine from attacking the state court judgment in federal district court.") (citing cases).[3]

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the complaint is GRANTED.

The Clerk of Court is directed to close the motions at ECF Nos. 35 and 38, and to terminate this action.

SO ORDERED.

Dated:     New York, New York
           November 10, 2016

                                          _____
                                          KATHERINE B. FORREST
                                          United States District Judge

---

[3] Plaintiffs' attempt to invoke a fraud exception to Rooker-Feldman (see Plaintiff's Memorandum in Opposition to Summary Judgment, ECF No. 46 at 16), even assuming such an exception exists in this Circuit, see Johnson v. Smithsonian Inst., 189 F.3d 180, 187 (2d Cir. 1999), fails because he does not "allege fraud in the procurement of the judgment and not just that the state court issued an incorrect opinion." Marshall v. Grant, 521 F. Supp. 2d 240, 245 (E.D.N.Y. 2007). Rather, the complaint alleges fraudulent conduct (generally) by defendant prior to the institution of the Foreclosure Action rather than on the state court itself.

7